# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olin Lee Bryant,<br><br>           Petitioner,<br><br>v.<br><br>USA,<br><br>           Respondent. | No. CV-16-08145-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Olin Lee Bryant's Motion to Vacate, Set Aside, or Correct Sentence. (Doc. 1). Magistrate Judge Eileen S. Willett issued a Report and Recommendation (R&R) in which she recommends that the Court deny the motion. (Doc. 20). Petitioner filed objections to the R&R. (Doc. 24). The Court will thus review the record *de novo* on all objections raised by the Petitioner. For the following reasons, the Court adopts the R&R and denies the motion.

## BACKGROUND

On August 12, 2015, Petitioner signed a plea agreement, agreeing to plead guilty to the crime of Abusive Sexual Contact with a Minor in violation of 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3).[1] The plea agreement waives most of Petitioner's defenses, appellate rights, and rights to collaterally attack his conviction. Petitioner retained his right to an appeal based on claims of ineffective assistance of counsel or prosecutorial misconduct. The Magistrate Judge found that Petitioner had knowingly, intelligently, and

---

[1] *United States v. Bryant*, No. CR-15-8036-PCT-GMS, Doc. 35 (D. Ariz. 2015).

voluntarily entered the guilty plea. The Court accepted the Petitioner's guilty plea. On December 14, 2015, the Court sentenced Petitioner to 144 months in prison and a lifetime term of supervised release.

Petitioner timely filed the present § 2255 motion on June 29, 2016, raising four grounds for relief: (1) Petitioner was unlawfully given an enhanced sentence; (2) Petitioner was denied his right to extradition procedures from tribal jurisdiction; (3) ineffective assistance of counsel for failing to raise the issues in Ground One and Ground Three; and (4) ineffective assistance of counsel for failing to challenge evidence unlawfully obtained through Petitioner's arrest without extradition. The Court dismissed Ground One. (Doc. 4). Petitioner's sentence was not enhanced.

**DISCUSSION**

**I.     Legal Standard**

A federal prisoner may seek relief under 28 U.S.C. § 2255(a) if his sentence was imposed in violation of the United States Constitution or the laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. When a prisoner petitions for post-conviction relief, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id*. at § 636(b)(1). If a petitioner files timely objections to the magistrate judge's R&R, the district judge must make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

**II.    Analysis**

Petitioner filed eight objections to the R&R.[2] In Objection 2, Petitioner objects to the dismissal of Ground One. But the Court dismissed Ground One on September 6, 2016. (Doc. 4). Petitioner did not appeal that ruling. Petitioner cannot challenge that

---

[2] Petitioner lists nine objections, but the ninth simply states that Petitioner "objects to the conclusion of the R&R based on the foregoing reasons stated herein" and does not raise new grounds. (Doc. 24, p. 5).

dismissal at this stage.

Objections 1, 3, 4, 5, 6, and 8 all deal with Petitioner's argument that Petitioner was entitled to an extradition hearing in order to be removed from tribal lands. Petitioner also asserts that the Court lacked jurisdiction over him. Petitioner waived the right to raise this objection when he signed his plea agreement. *See United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) ("A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made."). To the extent Petitioner argues that it was ineffective assistance of counsel for his attorney to not raise this defense prior to his signing of the plea agreement (as is implied in Objections 1, 5, 6, and 8) that claim is without merit. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (holding that a claim for ineffective assistance of counsel must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (holding that "the same two-part *Strickland* standard seems to us applicable to ineffective-assistance claims arising out of the plea process"). The federal government has jurisdiction to prosecute certain crimes that occur on Indian reservations. 18 U.S.C. § 1153(a) ("Any Indian who commits against the person or property of another Indian or other person any of the following offenses . . . shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."). There is no requirement that Petitioner have an extradition hearing prior to the federal government's prosecution. Because these claims are without merit, Petitioner's counsel was not ineffective in not raising the claims. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

In Objection 1, Petitioner states that "counsel misquoted the law and fact to induce that plea." (Doc. 24, p. 2). Petitioner does not explain what laws (other than the issue of

extradition, which is meritless) and facts his attorney allegedly misstated. In Objection 6, Petitioner appears to argue that he was just "horseplaying" with the victim and that the federal prosecutors changed the crimes charged from "touching the crotch through cloth, accidentally" to "skin to skin contact" in order to obtain federal jurisdiction over the case. But Petitioner has not provided any support for the claim that facts were changed to obtain federal jurisdiction. Petitioner's Motion to Vacate notes that he was convicted of Abusive Sexual Conduct with A Minor, in violation of 18 U.S.C. §§ 2244(A)(5) and 2246(3). Section 2246(3) defines "sexual contact" as "the intentional touching, either directly *or through the clothing*, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person" (emphasis added). Therefore, Petitioner has not established that touching through clothing would have prevented federal jurisdiction. Petitioner raises the issue of ineffective assistance of counsel as well, stating that "had counsel been competent in Indian law, Mr. Bryant would not have pleaded guilty." (Doc. 24, p. 4). But, again, Petitioner's arguments are without either specificity or merit and Petitioner has not established that counsel's performance was deficient.

Petitioner argues that his plea was not voluntary, knowing, and intelligent due to counsel's ineffective assistance in Objection 7. Petitioner affirmed throughout his change of plea hearing and sentencing that he understood the effect of his plea agreement, nor was counsel's assistance ineffective as reviewed above. Petitioner's claims of ineffective assistance of counsel are without merit and do not act to invalidate his voluntary plea agreement.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 20) is **ADOPTED** and the Motion to Vacate of Petitioner Olin Lee Bryant (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

/ / /

/ / /

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* is **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 6th day of September, 2018.

_____
G. Murray Snow
Chief United States District Judge